[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10954
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 30, 2011
JOHN LEY
CLERK

D.C. Docket No. 9:10-cr-80132-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCEL CHARLES,
a.k.a. Charles Marcel,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 30, 2011)

Before HULL, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Marcel Charles appeals his sentence for attempting to reenter the United

States following deportation for an aggravated felony, in violation of 8 U.S.C. § 1326(a)(2) and (b)(2). On appeal, Charles argues that his 41-month sentence is unreasonable. For the reasons stated below, we affirm.

## I.

On the night of August 26, 2010, a Customs and Border Protection Air Unit spotted a suspicious vessel traveling towards Florida. A Coast Guard patrol boat was dispatched to intercept the vessel, and Charles was one of four individuals found on board. Charles admitted that he had been attempting to enter the United States illegally and had paid $500 to be brought to the United States. A records check revealed that Charles had been removed from the United States to Haiti on December 11, 1992, and again on April 11, 2005. Charles had two prior drug trafficking convictions, as well as a 2001 conviction for illegal reentry following deportation. The presentence investigation report determined that Charles had a guideline range of 41 to 51 months' imprisonment.

At the sentencing hearing, Charles requested a downward variance from the advisory guideline range. He explained that he admitted guilt immediately following his arrest and was debriefed by the government. Although his information had not been valuable enough to warrant a downward departure under U.S.S.G. § 5K1.1, he argued that the district court could still consider his

2

cooperation in determining whether to impose a variance. Charles also noted that he had received a 16-level sentencing enhancement based on drug convictions that were over 22 years old. He suggested that the court should vary downward to account for the age of those prior convictions. Finally, Charles noted that he had come to the United States to find work to support his family. He explained that he was from Haiti, and that the conditions in that country were terrible due to the recent earthquake. The government asked the district court to impose a sentence within the guideline range.

The district court sentenced Charles to a term of 41 months' imprisonment. The court explained that it had considered the statements of the parties, the PSI, and the 18 U.S.C. § 3553(a) factors in arriving at that sentence. Charles objected to the district court's denial of a variance.

## II.

We review a sentence imposed by a district court for reasonableness, using an abuse-of-discretion standard. *United States v. Livesay*, 587 F.3d 1274, 1278 (11th Cir. 2009). We follow a two-step process in reviewing a sentence. First, we must ensure that the district court did not commit a significant procedural error. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597, 169 L.Ed.2d 445 (2007). Among other things, we must consider whether the district court

adequately explained the reasons for the defendant's sentence. *Id.* The district court's explanation must "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007).

If the district court's sentencing decision is procedurally sound, we must then determine whether the sentence is substantively reasonable in light of the § 3553(a) factors. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. The party challenging the sentence has the burden of showing that it is unreasonable in light of the record and the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). We "recognize that there is a range of reasonable sentences from which the district court may choose," and ordinarily expects a sentence within the defendant's advisory guideline range to be reasonable. *Id.* The § 3553(a) factors include, among other things: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public from further crimes of the defendant; and (5) the sentencing guideline range. 18 U.S.C. § 3553(a).

In this case, the district court explained that it had considered the statements of the parties, the information in the PSI, and the § 3553(a) factors. Thus, the record shows that the district court adequately considered all of Charles's arguments as to why he should receive a downward variance. In addition, Charles's 41-month sentence is substantively reasonable. Although Charles identified three mitigating factors—his cooperation with the government, the age of the prior convictions used to enhance his sentence, and the fact that he was coming to the United States to support his family—other factors weighed in favor of a sentence within the guideline range. First, the record reflects that Charles had a previous conviction for illegally reentering the United States. Thus, a longer sentence was justified based on Charles's personal history and characteristics and the need to promote respect for the law. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A). A 41-month sentence also has the effect of deterring others from attempting to reenter the United States illegally. *See* 18 U.S.C. § 3553(a)(2)(B). Finally, Charles's sentence is at the low end of his advisory guideline range, which we ordinarily expect to be reasonable. *See Talley*, 431 F.3d at 788. In light of all the facts and circumstances of this case, the district court did not abuse its discretion by sentencing Charles to 41 months' imprisonment. Accordingly, we affirm Charles's sentence.

**AFFIRMED.**